IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDEE N. DAKERS,             )
                               )
            Plaintiff,         )
                               )
      v.                       )   No. 16 C 2665
                               )
METRA,                         )
                               )
            Defendant.         )

# **OPINION AND ORDER**

This case is before the court on cross-motions for summary judgment. Plaintiff Brandee N. Dakers was terminated as an employee of defendant Metra. Metra is a public corporation, organized under the Regional Transportation Authority Act, 70 ILCS 3615/1.02 *et seq.,* with its principal place of business in Cook County, Illinois and operates commuter rail lines. Plaintiff brings this action for violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.,* as amended, *(*"FMLA"). The court has jurisdiction of the subject matter and the parties. 28 U.S.C. §§ 1331, 1391.

Plaintiff was hired by Metra on February 4, 2013 and is a member of the Transportation Communications International Union ("TCIU"). As an extra list clerk, plaintiff worked as a janitor cleaning public areas at the Millennium Station.

On November 17, 2014 plaintiff's supervisor gave her notice of a disciplinary investigation to be held on November 20, 2014 relating to an incident in which she was charged with watching TV while on duty. The investigation was later continued to November 25, 2014.

On November 25, 2014 plaintiff was working as a janitor at Millenium Station. She was involved in altercation with another employee that ended at the Metra police department office at the Randolph Street station. Plaintiff was removed from service and given notice of an investigation of the incident relating to "whether or not [she] made threatening statements and/or threatening gestures directed at [a] Metra employee." What occurred is in dispute. After she was removed from service an acquaintance took plaintiff to Mercy Hospital where she was treated for a mental health condition.

Pursuant to the TCIU collective bargaining agreement and the Metra Rules of Conduct, an investigation of a Rule infraction is to be held within seven days of the date a supervisor learns of an offense. The Conduct Rules require that employees "act courteously and not quarrelsome." Under ordinary circumstances 48 hours is considered a reasonable time to hold a hearing. The employee is entitled to union representation. The investigation is before a hearing officer appointed by Metra. If the hearing officer sustains the charges, the employee is

subject to dismissal consistent with the Employee Conduct Rules and the Bargaining Agreement. Metra may hold an employee out of service pending an investigation. The employee may appeal a dismissal to the National Railway Adjustment Board.

Metra appointed Darrin Austin, superintendent of Metra Electric District, as hearing officer. The initial hearing date was December 1, 2014, but it was continued.

On December 5, 2015 plaintiff applied for and received leave under the FMLA for a mental health condition, retroactive to November 25, 2014. On December 16, 2014 and January 22, 2015, Metra approved extensions of FLMA leave to and including February 10, 2015.

At the request of her union representative, the hearing officer postponed the hearing to December 11, 2014. On December 11 the hearing was postponed to January 23, 2015 due to plaintiff's being off from work for medical reasons. The hearing officer requested, however, that the union representative provide medical documentation to substantiate why plaintiff could not attend a hearing. The hearing was postponed to January 29, 2015. Plaintiff did not appear. Her Union representative objected to holding the hearing and left the room. No medical

evidence was presented. Metra notified plaintiff that the hearing was postponed to February 4, 2015.

The hearing was convened on February 4, 2015. Plaintiff did not attend. The Union representative left the hearing room shortly before it began. The hearing officer heard evidence. On February 11, 2015, plaintiff was notified of termination. Plaintiff appealed to the National Mediation Board. The Arbitrator denied plaintiff's appeal and affirmed the dismissal on May 2, 2016.

The FMLA prohibits employers from interfering with the exercise of rights granted under the Act. 29 U.S.C. § 2615(a)(1). Plaintiff contends that holding a disciplinary hearing while she was on leave constituted an "interference" and retaliation for taking leave, citing *Vess v. Scott Med. Corp.,* 2013 WL 1100068 (N.D. Ohio) and *Stickland v. Water Works Sewer Bd. Of Birmingham,* 239 F. 3d 1199, 1206 (11th Cir. 2001). Plaintiff also disputes the right of the hearing officer to request medical support to continue the hearing. Plaintiff argues that the regulations governing the certification necessary to support leave for a serious medical condition also applies to the information requested by the hearing officer to support a request for a continuance of the disciplinary hearing and that the hearing officer was not authorized to order medical support to continue the hearing.

4

Metra contends that the leave certificate regulations do not control the disciplinary proceedings which are governed by Metra's rules of conduct and the Bargaining agreement, and that, under the circumstances, it was reasonable for the hearing officer to require medical proof to justify continuing the hearing beyond February 10, 2015.

Whether Metra's conduct was an unlawful interference with plaintiff's leave is a factual question that requires a consideration of all the facts relating to the conduct of the plaintiff as well as the actions and conduct of Metra. Neither party is entitled to summary judgment on any of the fact issues.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) Defendant Metra's motion for summary judgment (Dtk. 54) is denied

(2) Plaintiff Brandee Dakers' cross-motion for summary judgment (Dkt. 64) is denied.

(3) This case is set for hearing on status on October 19, 2017 at 2:00 p.m.

ENTER:

*[signature: William T. Hart]*

UNITED STATES DISTRICT JUDGE

Dated: OCTOBER 5, 2017